IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICALL GROUP, INC.<br><br>Defendant. | Case No. 04 C 5554<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Geraldine Soat Brown |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant Americall Group, Inc. ("Americall") violated Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq.: by refusing to extend an offer of employment to the applicant because of her disability.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC. This Decree also fully and finally resolves all issues and claims arising out of EEOC Charge 210-2005-00981 filed by Ms. Ginny Quick (hereafter, the "Charging Party") against Americall, which the EEOC agrees not to further investigate or otherwise prosecute, and that as a condition to this settlement, the Charging Party agrees to

request withdrawal with prejudice. Neither party admits to any of the claims or defenses raised in this case or with respect to EEOC Charge 210-2005-00981 or with respect to any related charge or complaint.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Americall, the Charging Party and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, the Charging Party, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST DISABILITY DISCRIMINATION

5. Americall and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, (such as, but not limited to, employment agencies in active participation with them), are hereby enjoined from: (i) discriminating against any qualified employee or applicant with a physical disability in violation of the ADA; and/or (ii) failing to make a reasonable accommodation for any qualified employee or applicant with a physical disability.

## NON-RETALIATION

6. Americall, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

7. Subject to the terms and conditions of this Decree (including, but not limited to this paragraph 7, paragraph 8, and Exhibit A attached hereto), Americall shall pay $200,000 to the Charging Party, with appropriate deductions made to the portion designated as backpay. Of this total, $9,000 shall be designated as backpay, which will be subject to required tax withholdings and deductions and for which Americall will issue an IRS Form W-2 to the Charging Party, and $191,000 shall be designated as compensatory damages, for which Americall will issue an IRS Form 1099 to the Charging Party.

8. Within five (5) business days after the approval and entry of this Decree, the EEOC will mail to the Charging Party a copy of the Release Agreement attached as Exhibit A (hereafter, "Release Agreement."). Within five (5) business days after receipt by the EEOC of a copy of the Release Agreement signed by the Charging Party, the EEOC shall mail said Release Agreement to Americall and provide Americall with the current address for the Charging Party. Within five (5) business days of the later of: (a) receipt of Americall of the Release Agreement signed by the Charging Party and (b) receipt of the confirmation of the withdrawal with Prejudice of EEOC Charge 210-2005-00981, Americall shall issue and mail by certified mail to the Charging Party a check in the gross amount of $191,000, and a check in the amount of

$9,000 less required tax withholdings and deductions. Americall will also send a copy of the checks to the EEOC.

## POSTING OF NOTICE

9  Within ten (10) business days after approval and entry of this Decree, Americall shall post copies of the Notice attached as Exhibit B to this Decree at each of its facilities in Illinois and Indiana on the bulletin boards usually used by Americall for posting governmental notices directed to employees. The Notice shall remain posted for three (3) years from the date of entry of this Decree. Americall shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Americall shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Americall shall permit a representative of the EEOC to enter Americall's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

10. During the period in which this Decree is effective, Americall shall maintain and make available for inspection and copying by the EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or applicant who complains of disability discrimination on the basis of physical disability or requests a reasonable accommodation on the basis of physical disability.

11. Americall shall make all documents or records referred to in Paragraph 10 above, available for inspection and copying within ten (10) business days after the EEOC so requests at Americall's Naperville, Illinois offices, or at another mutually agreed upon location. In addition, Americall shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate reasonably with the EEOC and to be

interviewed, provided that Americall may have a representative present during interviews of management personnel.

## ADOPTION AND DISTRIBUTION OF POLICY AGAINST DISABILITY DISCRIMINATION

12. Americall shall affirm in writing its policy against disability discrimination within thirty (30) calendar days after the approval and entry of this Consent Decree and shall maintain such policy for the duration of this Decree. Commencing no later than sixty (60) calendar days after the approval and entry of this Consent Decree, Americall shall distribute or otherwise make available a copy of said Policy to each employee of Americall.

(a) The policy shall, at a minimum, specifically prohibit all discrimination against employees or applicants who are qualified individuals with disabilities on the basis of disability.

(b) The policy will also, at a minimum, inform employees and applicants who are disabled that they are entitled to a reasonable accommodation of their disability.

(c) The policy will also, at a minimum, inform employees and applicants that Americall will take reasonable steps to reasonably accommodate individuals with disabilities who use service animals.

(d) The policy shall, at a minimum, inform employees that complaints of disability discrimination will be investigated thoroughly and promptly and shall provide that employees who violate the policy are subject to discipline up to and including discharge.

(e) Copies of the policy against disability discrimination will be provided to both employees and applicants prior to the time that they start work for Americall.

Americall shall forward a copy of the Policy to the EEOC within thirty (30) calendar days after the approval and entry of this Decree. The inclusion of this paragraph in the Decree

does not represent the EEOC's or the Court's approval of Americall's anti-discrimination or accommodation policy.

13. As part of its policy against disability discrimination, set forth in Paragraph 12 above, Americall shall affirm in writing that its policy includes providing reasonable accommodations for qualified individuals with disabilities in accordance with the ADA. This policy will also include, at a minimum, that Americall have a policy to make reasonable accommodations for qualified individuals with disabilities who use service animals. Within sixty (60) days after the entry of this Consent Decree Americall shall distribute a copy of said Policy to each human resources, supervisory, and management employee as well as employees responsible for recruiting and training new employees.

## TRAINING

14. Within ninety (90) days following the approval and entry by this Decree, and again prior to the date eighteen (18) months following the entry of this Decree, all of Americall's supervisory, managerial, human resources, recruiting, and training employees shall participate in a training session or sessions by a trainer paid for by Americall and approved by the EEOC regarding disability discrimination and the duty of reasonable accommodation of disabled employees. All current corporate human resources employees at Americall shall also participate in such training. Any new supervisory, managerial, human resources, recruiting, and training employee shall receive such training at or prior to starting work with Americall. A registry of attendance shall be maintained. In order to facilitate the training of individuals set forth in this paragraph, Americall shall be permitted to utilize videotaped presentations of the initial group training sessions.

-6-

15. Americall shall obtain the EEOC's approval of its proposed trainer prior to the commencement of the training session(s). The EEOC shall not unreasonably withhold its approval. Americall shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least fifteen (15) business days prior to the proposed commencement date(s) of the training(s). The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve Americall's designated trainer, Americall shall have ten (10) business days to identify an alternate trainer. The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 20.

16. Americall shall certify to the EEOC in writing within five (5) business days after the ninetieth (90th) day following the entry of this Decree and again after eighteen (18) months following the entry of this Decree that group training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance. Prior to each anniversary date following the entry of this Consent Decree, Americall shall certify in writing to the EEOC that training of all new supervisory, managerial, human resources, recruiting, and training employees has taken place; the date, location, and duration of such training; and the name and position of each such person trained.

17. Upon the EEOC's request, Americall agrees to provide the EEOC with copies of

-7-

any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## RECRUITING QUALIFIED BLIND APPLICANTS

18. As suggested by Americall, Americall agrees to pursue a cooperative relationship with The Chicago Lighthouse For People Who are Blind or Visual Impaired for the purposes of promoting increased employment opportunities at Americall for individuals who are blind or visually impaired.

## REPORTING

19. Americall shall furnish to the EEOC the following written reports semi-annually for a period of three (3) years following the approval and entry of this Consent Decree. The first report shall be due six (6) months after entry of the Consent Decree. The final report shall be due three (3) years after entry of the Decree. Each such report shall contain (as applicable):

(a) A summary all complaints of discrimination regarding physical disabilities received for the six (6) month period preceding the report, including the date the complaint was made, who made it, what was alleged, and what actions Americall took to resolve the matter. With respect to requests for reasonable accommodation, the report shall indicate the accommodation requested, whether it was granted, granted with modification, or denied, reason for denial if accommodations were denied, and the status of the employee or applicant who made the request.

(b) A summary of the number of referrals made, applicants considered, and individuals hired through Americall's cooperative efforts with The Chicago Lighthouse.

(c) A certification by Americall that the Notice required to be posted in Paragraph 9,

-8-

above, remained posted during the entire six (6) month period preceding the report.

## DISPUTE RESOLUTION

20. If during the term of this Decree either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

21. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 20, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

22. Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

23. The terms of this Decree are and shall be binding the present and future directors, officers, managers, agents, successors, and assigns of Americall. Americall will provide a copy of this Decree to any person(s) or organization(s) which proposes to acquire or merge with Americall, prior to the effectiveness of any such acquisition or merger.

24. When this Decree requires the submission by Americall of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Americall Consent Decree Compliance, Richard J. Mrizek, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Americall, they shall be mailed to: Lawrence I. Kipperman, Sidley Austin Brown & Wood, LLP, One S. Dearborn Street, Chicago, Illinois 60603 (or such other address as Americall my provide in writing).

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 886-9073

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
RICHARD J. MRIZEK
Trial Attorney

For AMERICALL GROUP, INC.

_____
LAWRENCE I. KIPPERMAN
AMI N. WYNNE
Sidley Austin Brown & Wood
10 S. Dearborn Street
Chicago, Illinois 60603
(312) 399-1122

KATHRYN E. KORN
Law Offices of Kathryn E. Korn
8501 West Higgins Road, Suite 440
Chicago, Illinois
(773) 399-1122

DATE: 12-1-05

_____
ENTER:
The Honorable Joan Humphrey Lefkow
United States District Judge

-11-

## EXHIBIT A

## RELEASE AGREEMENT

I, Ginny Quick, for and in consideration of the sum of $ 200,000, less required withholding and deductions, payable to me pursuant to the terms of the Consent Decree entered by the Court in EEOC v. Americall Group, Inc., No. 04 C 5554 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Americall Group, Inc.("Americall"), and all past and present shareholders, officers, agents, employees, and representatives of Americall, as well as all successors and assignees of Americall, from any and all claims and causes of action of any kind which I now have or ever have had under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq, which were or could have been asserted in EEOC v. Americall Group, Inc., No. 04 C 5554 (N.D. Ill.) (the "Lawsuit"), in EEOC Charge 210-2005-00981 and EEOC Charge No. 24BA300047 (including any matters which I could have raised in any lawsuit based upon said charges, had I properly been a plaintiff in any such suit), and with respect to any charges or complaints filed or referred to any state or local human rights agency or commission alleging those matters alleged in the aforementioned EEOC charges. Furthermore, I hereby agree within five (5) business days after I sign this Release to request withdrawal with prejudice of EEOC Charge 210-2005-00981.

I represent and warrant that (i) I am the sole owner of the claims and other matters released in this Release Agreement and that the same do not belong to nor been assigned or transferred to any other person or entity; and (ii) I have full right and power to grant, execute and deliver the releases and agreements in this Release Agreement. I acknowledge and agree that the consideration offered to me in this Release Agreement is accepted by me as being in full accord,

-12-

satisfaction, compromise, and settlement of the claims or matters released herein.

<u>I ACKNOWLEDGE AND AGREE THAT I HAVE READ THIS RELEASE AGREEMENT AND THAT I UNDERSTAND AND WILL COMPLY WITH ITS TERMS.</u>

_____          _____
Date                                             Signature

## EXHIBIT B
## NOTICE TO AMERICALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in EEOC v. Americall Group, Inc. No. 04 C 5554, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Americall.

In its suit, the EEOC alleged that Americall discriminated against a qualified applicant by refusing to hire her on the basis of her disability and by failing to accommodate her disability. Americall denied these allegations.

To resolve the case, Americall and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Americall will make a monetary payment to individual who filed the charge involved in this lawsuit.

2) Americall will not discriminate against any qualified employee or applicant on the basis of disability and will provide a reasonable accommodation to qualified disabled employees and applicants.

3) Americall will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree;

4) Americall will maintain and distribute to all employees a policy against disability discrimination and will train all its managers and human resource personnel regarding disability discrimination and its policy;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in Americall's non-discrimination and anti-harassment policy and you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Americall Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.

Date

Judge Joan Humphrey Lefkow
United States District Court